Brian B. Williams, OSB No. 964594
Tomas F. Osborne, OSB No. 164484
HITT HILLER MONFILS WILLIAMS LLP
411 SW Second Avenue, Suite 400
Portland, Oregon 97204
Telephone: (503) 228-8870
Facsimile: (503) 228-4250
E-mail Address: bwilliams@hittandhiller.com
E-mail Address: tosborne@hittandhiller.com

Of Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DANN REINHART,<br><br>       Plaintiff,<br><br>v.<br><br>LANDSTAR RANGER, INC., LLOYD EUGENE THEEN,<br><br>       Defendants. | Case No. 6:21-cv-01598-AA<br><br>**AMENDED NOTICE OF REMOVAL** |

TO: The Judges of the United States District Court for the District of Oregon; Clerk of Deschutes County Circuit Court of the State of Oregon; and Joe Walsh, attorney for plaintiff.

1. Defendants Landstar Ranger, Inc., ("Landstar") and Lloyd Theen ("Theen"), hereby remove this action from the Circuit Court for the State of Oregon, Deschutes County, to the United States District Court for the District of Oregon, Eugene Division, pursuant to U.S.C. § 1332, § 1441, and § 1446. Removal is warranted under 28 U.S.C. §1441(b) because this is a

**AMENDED NOTICE OF REMOVAL**
Page 1

diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendants state as follows:

2. Plaintiff filed his Complaint on August 12, 2021, in the Circuit Court for the State of Oregon, County of Deschutes, Case No. 21CV32569. A copy of the Complaint is attached hereto as Exhibit A and made part of this Notice.

3. Defendant Landstar was served on October 1, 2021. Defendant Theen was served on October 9, 2021. Plaintiff has not provided Defendants with an affidavit of service or proof of service. Defendants will file the documents once obtained from Plaintiff. Attached as Exhibit B to this Notice is a confirmation of service produced by Defendant Landstar's registered agent.

### 1. NOTICE OF REMOVAL IS TIMELY

4. This Notice is filed within one year of the commencement of this action.

5. Defendants filed their original Notice of Removal within 30 days of service of the Complaint. Removal is timely if it made within 30 days of a defendant's receipt of an "initial pleading" that reveals a basis for removal. It must be ascertained from the face of the pleading, motion, order or other paper that removal is proper. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir 2005); *see also Degon v. USAA Casualty*, 2019 WL 5889301 (J. Immergut). The initial pleadings do not reveal a basis for removal because Plaintiff has not alleged the citizenship of the defendants. Thus, this Amended Notice of Removal is timely under 28 U.S.C. § 1446.

### II. THIS COURT HAS DIVERSITY JURISDICTION

6. This suit is an action over which this Court would have original jurisdiction under the provisions of 28 U.S.C. § 1332, and therefore one that may be removed to this Court under the provisions of 28 U.S.C. § 1441 and § 1446. Removal under § 1441 is appropriate when complete

**AMENDED NOTICE OF REMOVAL**
Page 2

diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because neither Defendant Landstar nor Theen are citizens of Oregon and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Plaintiff is a citizen of the State of Oregon. Plaintiff was a citizen of the State of Oregon at the time this cause of action was filed.

9. Defendant Landstar is a Delaware corporation with its principal place of business in Florida and was at the time this action was filed. Therefore, Landstar is a citizen of Delaware and Florida. 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…")

10. Defendant Theen is a citizen of the State of Washington. Defendant Theen was a citizen of the State of Washington at the time this action was filed (and was the time of removal including this amended notice of removal).

11. It is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." See 28 U.S.C. § 1332(a). Plaintiff seeks $818,270.40. Exhibit A.

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant give notice that the above action now pending in the Circuit Court for the State of Oregon for the County of Deschutes as Case No. 21CV32569 has been removed therefrom to this court.

DATED: December 6, 2021.

HITT HILLER MONFILS WILLIAMS LLP

By: /s/
Brian B. Williams, OSB No. 964594
Tomas F. Osborne, OSB No. 164484
Of Attorneys for Defendants

TRIAL ATTORNEY: Brian B. Williams

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF DESCHUTES

| | |
|---|---|
| DANN REINHART, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LANDSTAR RANGER, INC., a foreign corporation; LLOYD THEEN, an individual, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br> (CIVIL ACTION – TORT – GENERAL) <br> PRAYER: $818,270.40 <br><br> FILING FEE: $594 (ORS 21.160(1)(c)) <br><br> CLAIM NOT SUBJECT TO <br> MANDATORY ARBITRATION <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Dann Reinhart alleges the following:

1.

Plaintiff is a resident of Deschutes County and brings this action against the Defendants for personal injuries suffered as a result of an auto collision that took place in Harney County, Oregon.

2.

At all times material herein, Defendant Landstar Ranger, Inc. ("Defendant Landstar") was and is a foreign business corporation, headquartered in Florida, duly authorized to transact business for profit in the state of Oregon, conducting substantial business activities in Oregon, including regular and sustained business activity as a common carrier providing trucking and transportation services throughout Oregon, including but not limited to Deschutes County.

PAGE 1 – COMPLAINT

HAWN & WALSH LLC
965 SW EMKAY DR. STE 200
BEND OREGON 97702
PH: 541-382-5885 FAX: 541.3823328
jsw@hawnwalsh.com

EXHIBIT A
Page 1 of 9

3.

At all times material herein, Defendant Lloyd Theen ("Defendant Theen") was the individual operating the Landstar vehicle more fully described below. Upon information and belief, at all times material, Defendant Theen was acting within the course and scope of his employment with Defendant Landstar, was acting within his actual and/or apparent authority. Any and all activities of Defendant Landstar were operated, and overseen, by its officers, employees, agents, managers acting within the scope of their authority, and by others within the control or right of control of Defendant Landstar, and Defendant Landstar is therefore vicariously liable for acts more fully set forth herein. If Defendant Theen is found to have acted outside the scope of his employment, or without actual and/or apparent authority, Plaintiff alternatively brings his claims against Defendant Theen personally.

4.

At all times material, Defendant Landstar owned commercial motor vehicles involved in this collision of a 1996 Kenworth semi-tractor, USDOT 241572, ID No. 525489 bearing Indiana license plate number 2389416 with a gross vehicle weight of 52,000 pounds ("the Semi"), and a 2005 Doonan flat-bed semi-trailer, ID No. 725489N, bearing Illinois license plate number T366908 with a gross vehicle weight of *over* 10,001 pounds ("the Trailer"). At times material, Defendant Landstar had exclusive possession, control and use of the Semi and Trailer.

5.

Upon information and belief, at all times material Defendant Theen was traveling westbound on Highway 20 in Oregon transporting goods from Milford, Indiana to Defendant Landstar's

PAGE 2 – COMPLAINT

HAWN & WALSH LLC
965 SW EMKAY DR, STE 200
BEND OREGON 97702
PH: 541-382-5885 FAX: 541.3823328
jsw@hawnwalsh.com

EXHIBIT A
Page 2 of 9

destination in Albany, Oregon. By the time Defendant Theen, had reached Burns, Oregon, Defendant Theen had traveled approximately 2,000 miles on this job.

6.

On or about August 14, 2019, at approximately 4:10 in the a.m., Plaintiff was the passenger in a vehicle driven by Nicholas Fagen, deceased as a result of this collision, and towing a flatbed gooseneck trailer upon which two trucks owned by Plaintiff were fastened. Mr Fagen's Ford F250 truck was stopped westbound on U.S. Highway 20 near milepost 88 in Harney County, Oregon. Mr. Fagen operated his vehicle to a stop at this location due to mechanical difficulties with the truck. Highway 20 at the location where Mr. Fagen had to come to a stop was a straight and unobstructed section of a rural highway with one lane traveling in each direction, and a narrow shoulder. Because the highway's shoulder was minimal, Mr. Fagen was unable to pull completely off the road and part of his truck extended into the lane of the eastbound travel. The hazard lights on the Pickup and gooseneck trailer were activated, in compliance with ORS 811.515(13)(a). Mr. Fagen was under the hood of the truck assessing the engine, and Plaintiff was in the roadway alerting on-coming traffic using a flashlight alternating between white and red. At the same place and time, Defendant Theen was driving the Semi, pulling the Trailer, westbound toward milepost 88 on U.S. Highway 20 at highway speeds when he slammed into Fagen's truck and the gooseneck trailer which struck Plaintiff and killed Mr. Fagen.

**THEORY OF RECOVERY - COUNT ONE**
**(Negligence / Gross Negligence)**

7.

Plaintiff realleges paragraphs 1 through 6 above as though fully set forth herein.

PAGE 3 – COMPLAINT

HAWN & WALSH LLC
965 SW EMKAY DR. STE 200
BEND OREGON 97702
PH: 541-382-5885 FAX: 541.3823328
jsw@hawnwalsh.com

**8.**

Defendants were negligent and grossly negligent generally in the duty to operate a commercial vehicle with due care, and in one or more of the following particulars, which were substantial factors in causing serious physical injuries to Plaintiff:

(a) In failing to maintain a proper lookout;

(b) In failing to keep his vehicle under proper control;

(c) In traveling at a rate of speed that was greater than was reasonable and prudent under the circumstances then and there existing;

(d) In driving inattentive to traffic conditions then and there existing;

(e) In failing to appropriately respond to a disabled vehicle on the roadway;

(f) Upon information and belief, in engaging in reckless and distracted behavior preventing Theen from seeing the stopped vehicle with hazard lights and a spotlight;

(g) In failing to properly adjust and/or maintain the Semi and Trailer's brakes;

(h) In driving a commercial vehicle with inoperative/defective brakes;

(i) In failing to equip the Semi and Trailer with an automatic airbrake adjustment system that compensates for defective/inoperable brakes;

(j) In failing to have the required knowledge and skills necessary to operate a CMV safely;

(k) In Defendant Landstar failing to properly train, monitor and supervise its drivers to operate commercial vehicles in a reasonably safe manner; and

(l) In Defendant Landstar failing to inspect, maintain, and repair its vehicles in a reasonably safe manner to avoid collisions upon the roadways of Oregon.

These allegations may be amended up to the time of trial to conform to the evidence.

PAGE 4 – COMPLAINT

HAWN & WALSH LLC
965 SW EMKAY DR, STE 200
BEND OREGON 97702
PH: 541-382-5885 FAX: 541.3823328
jsw@hawnwalsh.com

EXHIBIT A
Page 4 of 9

9.

Defendants knew, or in the exercise of reasonable care should have known, that the foregoing acts and omissions created an unreasonable risk of harm to others on the roadway, including Plaintiff.

10.

At all times material herein, Defendants owed a duty to motorist and pedestrians lawfully upon the roadway, including Plaintiff, to operate the Semi vehicle and Trailer in a reasonably safe manner to avoid causing injury and/or death. At all times material herein, as an interstate common carrier Defendants had a heightened duty to exercise the utmost possible care in operating the Semi and Trailer in a reasonably safe manner.

11.

Defendants' actions or omissions as set forth above constituted a reckless indifference of conscious disregard of the rights of others, including recklessly operating the Semi and Trailer and failing to take proper evasive actions to avoid a collision with Plaintiff's vehicle, made Defendant's negligence materially greater than the mere absence of reasonable care under the circumstances.

**THEORY OF RECOVERY - COUNT TWO**
**(Negligence Per Se / Gross Negligence Per Se)**

12.

Plaintiff realleges paragraphs 1 through 11 above as though fully set forth herein.

13.

Defendants owed Plaintiff who was lawfully on the roadway duties pursuant to Oregon

PAGE 5 - COMPLAINT

HAWN & WALSH LLC
965 SW EMKAY DR, STE 200
BEND OREGON 97702
PH: 541-382-5885 FAX: 541.3823328
jsw@hawnwalsh.com

Revised Statutes and Feder Motor Carrier Safety Regulations that were in full force and effect at the time of the subject accident. These statutory and regulatory duties were intended to protect the public and designed to prevent the risk of harm to Plaintiff created by Defendants as more fully described herein.

14.

Defendants were negligent per se and grossly negligent per se generally in operating the Semi and Trailer recklessly and with wanton disregard to the safety of those lawfully on the roadway, and in one or more of the following particulars, which were substantial factors in causing serious physical injuries to Plaintiff:

(a) In failing to exercise reasonable care in violation of ORS 811.005;

(b) In traveling at a rate of speed that was greater than was reasonable under the circumstances then and there existing in violation of ORS 811.100;

(c) In driving the Semi in such a careless manner so as to endanger persons in violation of ORS 811.135;

(d) In driving the Semi in such a reckless manner so as to endanger persons in violation of ORS 811.140; and

(e) Upon information and belief, in operating a motor vehicle while using a mobile electronic device in violation of ORS 811.507.

(f) In failing to properly maintain air brake system in violation of 49 CFR 393.47(e);

(g) In driving a commercial vehicle with inoperative/defective brakes in violation of 49 CFR 393.48(a);

(h) In operating a commercial motor vehicle manufactured after 1994 on the highway

PAGE 6 – COMPLAINT

HAWN & WALSH LLC
965 SW EMKAY DR, STE 200
BEND OREGON 97702
PH: 541-382-5885 FAX: 541.3823328
jsw@hawnwalsh.com

with an automatic airbrake adjustment system that fails to compensate for defective/inoperable brakes in violation of 49 CFR 393.53(b).

(i) Upon information and belief, in failing to maintain a working electronic logging device, failing to keep accurate logbooks, and failing to comply with hours of service in violation of 49 CFR 395; and

(j) In failing to have the required knowledge and skills necessary to operate a CMV safely in violation of 49 CFR 383.110 and 49 CFR 383.111.

These allegations may be amended up to the time of trial to conform to the evidence.

15.

At all times material herein, as a passenger and pedestrian upon the public roadway, Plaintiff was a member of the class of persons intended to be protected by the statutes and regulations set for the above, and Plaintiff suffered the type of injuries for which the statutes were intended to protect.

16.

Defendants' actions or omissions as set forth above constituted a reckless indifference of conscious disregard of the rights of others, including recklessly operating the Semi and Trailer and failing to take proper evasive actions to avoid a collision with Plaintiff's vehicle, made Defendant's negligence materially greater than the mere absence of reasonable care under the circumstances.

## DAMAGES

17.

As a direct and foreseeable result of Defendants' negligence and gross negligence as more fully set forth above, Plaintiff suffered significant physical injuries, including but not limited damage to the muscles, ligaments, tendons, nerves and other soft tissues of his spine, shoulder, and

PAGE 7 – COMPLAINT

HAWN & WALSH LLC
965 SW EMKAY DR. STE 200
BEND OREGON 97702
PH: 541-382-5885 FAX: 541.3823328
jsw@hawnwalsh.com

EXHIBIT A
Page 7 of 9

head; concussion and post-concussive syndrome; bruising and abrasions; damages made worse due to a prior infirm condition; exacerbation and aggravation of pre-existing conditions; post-traumatic stress disorder; pain, discomfort, and suffering; and inconvenience and interference with usual and everyday activities, apart from gainful employment; all to Plaintiff's non-economic damages in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of $650,000.

18.

As a direct and foreseeable result of Defendants' negligence and gross negligence as more fully set forth above, Plaintiff has incurred reasonable and necessary past medical expenses of $56,270.40; reasonable and necessary future medical expenses in an amount to be determined by the jury to be fair and reasonable, but not to exceed $85,000; damages of the fair market value of his trucks that were upon the gooseneck trailer pulled by Mr. Fagen in the amount of $25,000; loss of use of his vehicles in an amount to be determined by the jury to be fair and reasonable, but not to exceed $2,000; for a total economic loss of $168,270.40. These damages may be amended up to trial to conform to the evidence.

**NOTICE OF INTENT TO AMEND FOR PUNITIVE DAMAGES**

At all times material herein, Defendants acted with a reckless and wanton disregard to human safety of those lawfully upon the roadway involved in this action, as more fully set forth in paragraphs 1 through 16 above. Based upon said acts and omissions, Plaintiff hereby gives notice of his intent to move the court to amend the complaint to allege punitive damages against Defendants pursuant to ORS 31.725.

//

PAGE 8 – COMPLAINT

HAWN & WALSH LLC
965 SW EMKAY DR, STE 200
BEND OREGON 97702
PH: 541-382-5885 FAX: 541.3823328
jsw@hawnwalsh.com

| | |
|---|---|
| 1 | |
| 2 | **WHEREFORE**, Plaintiff prays for judgment against Defendants for non-economic |
| 3 | damages in an amount determined by the jury to be fair and reasonable, but not to exceed the sum |
| 4 | of $650,000, for economic damages in the amount of $168,270.40; for Plaintiff's costs, |
| 5 | disbursements, and prevailing party fees, and for any other relief as the court deems just and |
| 6 | equitable. |
| 7 | |
| 8 | |
| 9 | DATED: August 12, 2021. |
| 10 | HAWN & WALSH LLC |
| 11 | s/ Joseph S. Walsh |
| 12 | JOSEPH S. WALSH, OSB #065427 |
| 13 | Of Attorney for Plaintiff. Trial Attorney: Joseph S. Walsh, OSB#065427 |

PAGE 9 – COMPLAINT

HAWN & WALSH LLC
965 SW EMKAY DR, STE 200
BEND OREGON 97702
PH: 541-382-5885 FAX: 541.3823328
jsw@hawnwalsh.com

EXHIBIT A
Page 9 of 9



# CT Corporation

**Service of Process Transmittal**
10/01/2021
CT Log Number 540349611

**TO:** Jeff Peterson
Landstar System Holdings, Inc.
13410 Sutton Park Dr S
Jacksonville, FL 32224-5270

**RE:** Process Served in Oregon

**FOR:** Landstar Ranger, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DANN REINHART, an individual vs. LANDSTAR RANGER, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21CV32569 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Salem, OR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/01/2021 at 15:09 |
| **JURISDICTION SERVED :** | Oregon |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/02/2021, Expected Purge Date: 10/07/2021<br><br>Image SOP<br><br>Email Notification, Michael K. Kneller  mkneller@landstar.com<br><br>Email Notification, Richard A. Clark  RCLARK1@LANDSTAR.COM<br><br>Email Notification, Jeff Peterson  jpeterson2@landstar.com<br><br>Email Notification, Don Stambaugh  dstambaugh@landstar.com<br><br>Email Notification, John Neff  jneff@landstar.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System<br>780 Commercial Street? SE<br>Ste 100<br>Salem, OR 97301<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other



# CT Corporation

**Service of Process Transmittal**
10/01/2021
CT Log Number 540349611

**TO:** Jeff Peterson
Landstar System Holdings, Inc.
13410 Sutton Park Dr S
Jacksonville, FL 32224-5270

**RE:** **Process Served in Oregon**

**FOR:** Landstar Ranger, Inc. (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF DESCHUTES

| | |
|---|---|
| DANN REINHART,<br><br>    Plaintiff,<br>vs.<br><br>LANDSTAR RANGER, INC.; LLOYD THEEN,<br><br>    Defendants. | Case No. 21CV32569<br><br>SUMMONS |

TO: **LANDSTAR RANGER, INC.**
c/o CT Corporation System
780 Commercial St SE Ste 100
Salem, OR 97301

**YOU ARE HEREBY REQUIRED** to appear and answer the Complaint filed against you in the above entitled action within thirty [30] days from the date of service of this summons upon you, and in case of your failure to do so, for want thereon, Plaintiff will apply to the Court for the relief demanded in the Complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the Court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the Court Clerk or Administrator within thirty [30] days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiff's attorney or, if the Plaintiff does not have an attorney, proof of service upon the Plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at [503]684-3763, toll free in Oregon at [800]452-7636 or online at www.oregonstatebar.org.

HAWN & WALSH LLC

_____
Joseph S. Walsh, OSB No. 065427
Attorney for Plaintiff

SUMMONS Page - 1

Hawn & Walsh LLC
965 SW Emkay Dr, Ste 200
Bend, Oregon 97702
541-382-5885/fax 541-382-3328

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **AMENDED NOTICE OF REMOVAL** on:

Joseph S. Walsh
Hawn & Walsh LLC
965 SW Emkay Drive, Suite 200
Bend, OR 97702
Fax: 541-382-3328

*Attorney for Plaintiff*

by the following indicated method or methods:

[X]  by **MAILING** a full, true, and correct copy thereof in a sealed first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

[ ]  by causing a full, true, and correct copy thereof to be **HAND-DELIVERED** to the attorney at the attorney's last-known office address listed above on the date set forth below.

[ ]  by sending a full, true, and correct copy thereof via **OVERNIGHT COURIER** in a sealed, prepaid envelope, addressed to the attorney as shown above, at the last-known office address of the attorney, on the date set forth below.

[X]  by **FAXING** a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed.

DATED: December ___, 2021.

Tomas H. Osborne, OSB No. 164484
Brian B. Williams, OSB No. 964594
Attorneys for Defendants